**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**December 31, 2013**

Elisabeth A. Shumaker
Clerk of Court

---

| | |
|---|---|
| LITTLE SISTERS OF THE POOR HOME FOR THE AGED, DENVER, COLORADO, a Colorado non-profit corporation, et al., | |
| Plaintiffs-Appellants, | No. 13-1540 (D.C. No. 1:13-CV-02611-WJM-BNB) (D. Colo.) |
| v. | |
| KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, et al., | |
| Defendants-Appellees. | |

---

**ORDER**

---

Before **KELLY** and **LUCERO**, Circuit Judges.

Plaintiffs-Appellants seek an injunction pending appeal after the district court denied their motion for a preliminary injunction. They seek to avoid, on religious grounds, the provisions of the Patient Protection and Affordable Care Act and the Health Care and Education Reconciliation Act that pertain to insurance coverage for sterilization, contraceptives, and abortifacients. Those Acts require group health insurance plans to cover certain preventative medical services without cost-sharing, including contraception, sterilization, and related counseling, known as the Mandate. Defendants-Appellees represent that (1) Plaintiffs Little Sisters of the Poor, who

provide health insurance for their employees through the Christian Brothers Employee Benefit Trust, may opt out from the Mandate by completing a self-certification form and providing it to the third-party administrator, Christian Brothers Services, and (2) in addition, because the Trust is a self-insured "church plan" exempt from ERISA, the third-party administrator, Christian Brothers Services, would not be subject to fines or penalties.  Therefore, there is no enforceable obligation—through ERISA or otherwise—for any of the Plaintiffs to provide any of the objectionable coverage.

A stay or injunction pending appeal is governed by the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest.  *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001); 10th Cir. R. 8.1.  We make the same inquiry as we would when reviewing a district court's grant or denial of a preliminary injunction.  *See McClendon v. City of Albuquerque*, 100 F.3d 863, 868 n.1 (10th Cir. 1996) (citing *Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982)).  Thus, we must consider, based on a preliminary record, whether the district court abused its discretion and whether the movants have demonstrated a clear and unequivocal right to relief.  *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001).  We have considered the district court's decision and the parties' arguments concerning the above factors.  Under the unique factual

circumstances of this case, we conclude that an injunction pending appeal at this stage is not warranted. Accordingly, we deny Plaintiffs-Appellants' emergency motion for an injunction pending appeal.

                                                 Entered for the Court

                                                 ELISABETH A. SHUMAKER, Clerk