**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 1:13-cv-02611-WJM-BNB

LITTLE SISTERS OF THE POOR HOME FOR THE AGED, DENVER, COLORADO, a Colorado non-profit corporation,
LITTLE SISTERS OF THE POOR, BALTIMORE, INC., a Maryland non-profit corporation, by themselves and on behalf of all others similarly situated, along with
CHRISTIAN BROTHERS SERVICES, a New Mexico non-profit corporation, and
CHRISTIAN BROTHERS EMPLOYEE BENEFIT TRUST,

    Plaintiffs,

v.

KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services,
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
THOMAS E. PEREZ, Secretary of the United States of Department of Labor,
UNITED STATES DEPARTMENT OF LABOR,
JACOB J. LEW, Secretary of the United States Department of the Treasury, and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

## [PROPOSED] ORDER GRANTING PERMANENT INJUNCTION AND DECLARATORY RELIEF

Upon consideration of Plaintiffs' Motion for Permanent Injunction and Declaratory Relief, Defendants' response thereto, and the existing case record, the Court finds that a permanent injunction under Rule 65(d) and declaratory relief under 28 U.S.C. § 2201 is warranted, and states the following findings and conclusions:

1) Plaintiffs have demonstrated, and Defendants concede, that the promulgation and enforcement of the mandate against Plaintiffs, either through the accommodation or other regulatory means that require Plaintiffs to facilitate the provision of coverage for contraceptive

and sterilization services and related education and counseling, to which they hold sincere religious objections, violated and would violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb.

2) Plaintiffs will suffer irreparable harm as a direct result of Defendants' conduct unless Defendants are enjoined from further interfering with Plaintiffs' practice of their religious beliefs.

3) The threatened injury to Plaintiffs outweighs any injury to Defendants resulting from this injunction.

4) The public interest in the vindication of religious freedom favors the entry of an injunction.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Permanent Injunction and Declaratory Relief is GRANTED.

IT IS FURTHER ORDERED that the Court issues the following PERMANENT INJUNCTION:

Defendants, their agents, officers, employees, and all successors in office are enjoined and restrained from any effort to apply or enforce the substantive requirements of 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of sterilization or contraceptive drugs, devices, or procedures and related education and counseling to which Plaintiffs have sincerely-held religious objections, and are enjoined and restrained from pursuing, charging, or assessing penalties, fines, assessments, or other enforcement actions for noncompliance related thereto, including those in 26 U.S.C. §§ 4980D and 4980H, and 29 U.S.C. §§ 1132 and 1185d, and including, but not limited to, penalties for failure to offer or facilitate access to religiously-objectionable sterilization or contraceptive drugs, devices, or procedures, and related education and counseling, against Plaintiffs, all current and future participating employers

in the Christian Brothers Employee Benefit Trust Plan, and any-third party administrators acting on behalf of these entities with respect to the Christian Brothers Employee Benefit Trust Plan, including Christian Brothers Services. Defendants remain free to enforce 26 U.S.C. § 4980H for any purpose other than to require Plaintiffs, other employers participating in the Christian Brother Employee Benefit Trust Plan, and third-party administrators acting on their behalf, to provide or facilitate the provision of sterilization or contraceptive drugs, devices, or procedures, and related education and counseling, or to punish them for failing to do so.

SIGNED this ____ day of _____, 2018.

_____
WILLIAM J. MARTINEZ
UNITED STATES DISTRICT JUDGE