**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2611-WJM

LITTLE SISTERS OF THE POOR HOME FOR THE AGED, DENVER, COLORADO, a Colorado non-profit corporation,
LITTLE SISTERS OF THE POOR, BALTIMORE, INC., a Maryland non-profit corporation, by themselves and on behalf of all others similarly situated, along with CHRISTIAN BROTHERS SERVICES, a New Mexico non-profit corporation, and CHRISTIAN BROTHERS EMPLOYEE BENEFIT TRUST,

    Plaintiffs,

v.

ALEX AZAR, Secretary of the United States Department of Health and Human Services,
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,
R. ALEXANDER ACOSTA, Secretary of the United States of Department of Labor,
UNITED STATES DEPARTMENT OF LABOR,
STEVEN MNUCHIN, Secretary of the United States Department of the Treasury, and
UNITED STATES DEPARTMENT OF THE TREASURY,

    Defendants.

## ORDER REOPENING CASE AND GRANTING PERMANENT INJUNCTION

Upon consideration of Plaintiffs' Unopposed Motion to Reopen Proceedings and for Entry of Permanent Injunction and Declaration (ECF No. 80), Defendants' response thereto (ECF No. 81), and the existing case record, the Court finds that reopening this case and granting a permanent injunction under Rule 65(d) and declaratory relief under 28 U.S.C. § 2201 is warranted, and states the following findings and conclusions:

    A.    Plaintiffs have demonstrated, and Defendants concede, that the promulgation and enforcement of the mandate against Plaintiffs, either through the accommodation or other regulatory means that require Plaintiffs to facilitate the

provision of coverage for contraceptive and sterilization services and related education and counseling, to which they hold sincere religious objections, violated and would violate the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb.

B. Plaintiffs will suffer irreparable harm as a direct result of Defendants' conduct unless Defendants are enjoined from further interfering with Plaintiffs' practice of their religious beliefs.

C. The threatened injury to Plaintiffs outweighs any injury to Defendants resulting from this injunction.

D. The public interest in the vindication of religious freedom favors the entry of an injunction.

The Court therefore ORDERS as follows:

1. Plaintiffs' Unopposed Motion to Reopen Proceedings and for Entry of Permanent Injunction and Declaration (ECF No. 80) is GRANTED.

2. This case is REOPENED pursuant to D.C.COLO.LCivR 41.2.

3. The Court issues the following PERMANENT INJUNCTION:

> Defendants, their agents, officers, employees, and all successors in office are enjoined and restrained from any effort to apply or enforce the substantive requirements of 42 U.S.C. § 300gg-13(a)(4) and any implementing regulations as those requirements relate to the provision of sterilization or contraceptive drugs, devices, or procedures and related education and counseling to which Plaintiffs have sincerely-held religious objections, and are enjoined and restrained from pursuing, charging, or assessing penalties, fines, assessments, or other enforcement actions for noncompliance related thereto, including those in 26 U.S.C. §§ 4980D and 4980H, and 29 U.S.C. §§ 1132 and 1185d, and including, but not limited to, penalties for failure to offer or facilitate access to religiously-objectionable sterilization or contraceptive drugs, devices, or procedures, and related education and counseling, against Plaintiffs, all current and

       future participating employers in the Christian Brothers Employee Benefit Trust Plan, and any-third party administrators acting on behalf of these entities with respect to the Christian Brothers Employee Benefit Trust Plan, including Christian Brothers Services. Defendants remain free to enforce 26 U.S.C. § 4980H for any purpose other than to require Plaintiffs, other employers participating in the Christian Brother Employee Benefit Trust Plan, and third-party administrators acting on their behalf, to provide or facilitate the provision of sterilization or contraceptive drugs, devices, or procedures, and related education and counseling, or to punish them for failing to do so.

4. The Clerk shall enter judgment in favor of Plaintiffs and against Defendants, and shall terminate this case. Plaintiffs shall have their costs upon compliance with D.C.COLO.LCivR 54.1.

Dated this 29th day of May, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge